Henry Epstein, J.
Plaintiff moves pursuant to rule 109 for dismissal of the second, third, fourth and fifth defenses for insufficiency.
By this action plaintiff seeks, in a first cause, to recover the damage sustained by reason of defendant’s refusal to defend against a cargo loss claim, and in a second cause to recover the sum paid by reason of the legal liability imposed by the judgment against the plaintiff and in favor of the shipper. The second defense rests on a claim of breach of that alleged provision of the policy by which plaintiff is prohibited from carrying other insurance and in the event other insurance exists the policy will not insure. The policy is not made a part of the pleadings. “Other” insurance is broader than insurance “ carried ” by plaintiff. It is further alleged that plaintiff paid *758 or allowed a sum as credit to the shipper and the latter did purchase transport insurance for plaintiff’s benefit and protection and/or the shipper assumed the risk of loss. Pleading in the disjunctive in that manner is improper. In either alternate event there is no factual allegation amounting to a breach of the policy provision as it is set forth.
The third defense rests on that policy provision which absolves defendant if by any agreement plaintiff’s right of recovery for loss or damage against any person or corporation is released, impaired or lost and payment of which by defendant would have inured to its benefit. It is alleged that plaintiff paid and/or allowed a sum to the shipper for the purchase of transport insurance, which the shipper did purchase, for plaintiff’s use and protection and/or by which the shipper assumed the risk. Plaintiff, by act and/or omission, released, impaired, lost or waived its rights to effect recovery from the shipper and/or its insurer. Apart from the improper disjunctive pleading there is no sufficient factual allegation of any violation of the provision or of any act capable of effecting any release, impairment or loss of rights of recovery. Nor is it made to appear what right of recovery against the shipper or its insurance carrier the plaintiff had, or lost, or impaired, and certainly none against any other person or corporation.
The fourth defense realleges the policy provision referred to in the third defense and rests further on an alleged agreement of lease with another to supply the plaintiff the motor transport car in which the loss occurred, and particularly the covenant requiring the lessor to procure insurance and imposing upon it the liability for loss due to failure to transport with care and liability to plaintiff for loss of any kind. The loss occurred while the cargo was on such motor vehicle, in the lessor’s charge, and resulted from the lessor’s negligence with consequent liability to plaintiff. It is then alleged that the defendant was released by reason of plaintiff’s act and/or omission effecting a release, impairment, loss or waiver of plaintiff’s right of recovery. The allegations are incapable of presenting a factual claim of violation of the provision against impairment or of any act of impairment. It would seem rather that liability on the part of others was enhanced as well as the defendant’s right to resort against others by subrogation or otherwise.
The fifth defense pleads the one-year limitation provision in the contract. It is alleged the insurance was issued in the State of Pennsylvania; that the cause of action refers to cargo loss occurring on May 3, 1952 and action was commenced on March 22, 1957. The action does not rest alone on a loss *759 involving the risks covered by the policy but also upon contract claims resting on breach of the policy contract by the defendant. The defense of limitation pleaded with respect to the date of the cargo loss is insufficient. Plaintiff’s causes did not commence to run from that day.
The motion is granted dismissing the second, third, fourth and fifth defenses, with leave to the defendant to serve an amended answer within 10 days from service of a copy of this order with notice of entry.